UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY ALAN FRALICK,

        Plaintiff,

  v.

WARDEN SPEARMAN, et al.,

        Defendants.

No. C 15-4949 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Jeffrey Alan Fralick, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Compl. at 15.)

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**II.   Legal Claim**

In general, Plaintiff alleges that at the Correctional Training Facility ("CTF") where he is housed, he is required to wait in long lines to receive his medication pills. Those lines are in the open yards with no shaded areas, and Plaintiff is forced to be in the "harmful sun" in order to receive his medication, sometimes for over an hour at a time.

Plaintiff further alleges that, on January 22, 2014, he was seen by Dr. Kalisher to examine a lump on his nose. Dr. Kalisher prescribed zinc oxide ointment for sun protection. A dermatologist removed lesions from Plaintiff's nose and ear for biopsy, and it was determined that the lesions showed a precancerous condition called actinic keratoses. Between July 1, 2015, and September 16, 2015, Dr. Kalisher treated the precancerous sites

2

four times by using cryosurgery treatments. As a result, while the treatment ultimately was successful, Plaintiff suffers from large scarring on his nose.

Plaintiff claims that defendants Warden Spearman, Chief Medical Executive Dr. Bright, and Chief Medical Executive Dr. Poggins were deliberately indifferent to his health for failing to provide shaded areas while inmates wait in the pill line. Plaintiff also claims that Dr. Kalisher was deliberately indifferent to his medical needs by prescribing zinc oxide, and by attempting four cryosurgery treatments which resulted in a scarred nose.

Plaintiff's complaint contains several deficiencies.

First, as to Warden Spearman, "In a § 1983 or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Supervisor liability is established by showing the supervisor's knowing acquiescence to Eighth Amendment violations that are based upon deliberate indifference. *See Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1074-75 & n.18 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation, and that they generally created policies and procedures that led to the violation, without alleging "a *specific* policy" or "a *specific* event" instigated by them that led to the constitutional violations. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in original). Here, there is no allegation that Warden Spearmen was personally involved, or that he knew of Plaintiff's concern and did nothing about it. Plaintiff's general and conclusory statements to the contrary are insufficient to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 553-56. Accordingly, Warden Spearman is DISMISSED.

3

1    Second, as to defendants Chief Medical Executive Dr. Bright and Dr. Poggins,
2 liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff
3 can show that the defendant's actions both actually and proximately caused the deprivation
4 of a federally protected right. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726
5 F.3d 1062, 1085 (9th Cir. 2013). "The inquiry into causation must be individualized and
6 focus on the duties and responsibilities of each individual defendant whose acts or omissions
7 are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633
8 (9th Cir. 1988). Plaintiff has not alleged, nor can a reasonable inference be made, that as
9 Chief Medical Examiner, Dr. Bright or Dr. Poggins had either the duty or responsibility to
10 provide shaded areas to prison facilities. In addition, there is no evidence that Drs. Bright or
11 Poggins were personally involved or connected to the absence of shaded areas. *See, e.g.*,
12 *Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010) (no
13 policy-based supervisory liability for police sergeant who was responsible for day-to-day
14 operations at the station when he was on duty, and who provided only informal training to
15 officers by responding to questions, but did not set station policy and instead was required to
16 enforce the rules and regulations set forth by his supervising captain and other higher-ranking
17 officers); *id.* at 961 (no liability for supervisor based on personal involvement because
18 evidence showed he was not aware of arrest or search until after they were completed and he
19 authorized officers to cite and release plaintiff). Accordingly, Drs. Bright and Poggins are
20 DISMISSED.
21    Finally, with respect to defendant Dr. Kalisher, in order to state a claim that a
22 defendant was deliberately indifferent to his serious medical needs, Plaintiff must allege that:
23 (1) he had a serious medical need, and (2) the defendant knew that Plaintiff faced a
24 substantial risk of serious harm, and disregarded that risk by failing to take reasonable steps
25 to abate it, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). *See McGuckin v. Smith*, 974
26 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v.*
27 *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately
28 indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards

4

that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, Plaintiff complains that zinc oxide was not a sufficient sun protectant. However, the responses to Plaintiff's 602 grievance provide that zinc oxide ointment is a "formulary drug approved for use as sunscreen by the US Food and Drug Administration." (Compl., Ex. A-7.) It is well-established that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004). Here, at most, Plaintiff alleges a difference of medical opinion. In addition, Plaintiff's allegation that Dr. Kalisher's four attempts at cryosurgery treatment resulted in large scarring alleges, at most, negligence, which is insufficient to make out a violation of the Eighth Amendment. *See id.* at 1060-61. Accordingly, Plaintiff's claim against Dr. Kalisher is DISMISSED.

To the extent Plaintiff is attempting to raise a procedural due process claim, it is DISMISSED. Interests that are procedurally protected by the Due Process Clause may arise from two sources - the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. A court presented with a procedural due process claim by a prisoner should first ask whether the alleged deprivation is one so severe that it implicates the Due Process Clause itself or one less severe that implicates an interest created by state statute or regulation. If it implicates neither, no procedural due process claim is stated. If it implicates the Clause itself, the court must determine what process is due. Here, Plaintiff's claim lends

5

more to an allegation that his constitutional right to health and safety were compromised. Plaintiff does not allege that he was deprived of any liberty interest.

As the complaint currently reads, Plaintiff has not stated a cognizable claim against any defendant. However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). If Plaintiff believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-4949 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6

IT IS SO ORDERED.

DATED: January 7, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge